J. B. Lavallee
vs.                                No. 76408.
William Carle & Xaverine
Carle

May 7, 1929.

CARPENTER, J. The above case is an action of assumpsit brought by the

plaintiff against the defendants to recover money alleged to be due from the defendants to the plaintiff. Said case was tried before a jury at Woonsocket in January, 1929, and the jury returned a verdict for the plaintiff in the sum of $39.52. The plaintiff thereupon filed a motion for a new trial alleging the usual grounds, which said motion was heard on April 3, 1929.

It appeared from the evidence that the plaintiff was the owner of a certain farm located in the Town of Cumberland, together with buildings and improvements thereon, which said buildings and improvements included an ice house with some ice therein. The defendants were the owners of some tenement property located on Willow street in Woonsocket. On April 24, 1928, the plaintiff and the defendants entered into an agreement whereby the defendants were to convey said property on Willow street to the plaintiff in return for a deed from the plaintiff of the farm, together with a bill of sale of the ice house and all tools and equipment used for the cutting of ice. Said property in Woonsocket was to be conveyed subject to certain mortgages, one for the sum of $6,000.00 held by the Woonsocket Trust Company and one for $3,800.00 held by Norbert Decelles.

It also appeared from the evidence and from the contract that as part consideration for the transfer of the real estate in Cumberland to the defendants, they were to give the plaintiff a negotiable promissory note for $2,500.00, and also the defendants were to pay off $400.00 on the mortgage held by Norbert Decelles. This action was based upon failure to pay the $400.00 to Norbert Decelles and upon the promissory note of $2,500.00.

In carrying out the agreement, deeds were given and a bill of sale was given from one to the other. The plaintiff gave to the defendant William Carle a bill of sale setting out and describing the personal property as follows: 600 tons of ice more or less, and all machinery, etc.

The defendant set up a defense as against the note that there was not 600 tons of ice in the ice house, but there was only 150 tons of ice. This the jury found to be true, and deducted from the note the value of 450 tons of ice at $6.00 per ton. This amount was deducted from the amount of the note and interest, plus the $400.00 that was to be paid on the second mortgage to Decelles, which left a balance of $38.00, to which interest was added amounting to $1.52.

The Court feels the jury were justified in this verdict and feels that substantial justice has been done in the matter. Motion for new trial denied.

For plaintiff: Felix A. Toupin.

For defendants: Archambault & Lambert.

